(No. 78-CC-1314—)

BENJAMIN COURTWRIGHT, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed June 15, 1981.*

BENJAMIN COURTWRIGHT, *pro se*, for Claimant.

HOLDERMAN, J.

This cause comes before this Court on Respondent's motion to dismiss.

This is a claim for retroactive compensation based on a difference between the union scale agreed to by the industry and the prevailing rate paid by the State during the interim period between the date of the industry labor agreement and the time the State changed its prevailing rate scale. The issue involved in this case has long been settled and is exemplified by the case of *Arthur Hollender v. State of Illinois*, 14 Ill. Ct. Cl. 40, wherein this Court stated in effect that merely because a contractor in a particular locality agreed to recognize and pay an increase in the hourly wage demanded by the union, the State, not having been a party to the agreement, is not bound to

pay the same scale unless and until it agrees to do so. Not being the party to industry agreement, the State is free to set its policy as to prevailing rates. The policy of the State, which has long been followed, is set forth in a memorandum of the Department of Personnel dated April 17, 1972, which memorandum is attached to the departmental report. That policy is as enumerated below:

1. The International unions submit the industry contracts to the Department of Labor.

2. The Department of Labor applies its time stamp upon receipt of union contracts.

3. The Department of Labor forwards the time stamped copies of the contracts to the Department of Personnel.

4. The Department of Personnel edits the contracts to remove "pyramid" items and adjusts the hourly rates accordingly, (this is to equalize State benefits against industry benefits).

5. Prevailing rates which are time stamped before midnight of a calendar quarter and which have contractually effective dates on or before said quarter are released to be effective on the quarterly date (January 1, April 1, July 1, October 1).

6. Prevailing rates which are time stamped after midnight of the appropriate quarter are held for release on the first day of the next quarter.

This policy has been in effect for many years, and has been long recognized by this Court and is still in effect. It has also been recognized by unions throughout these years as reasonable and not arbitrary or capricious.

Inasmuch as this claim is for that period of time prior to the effective date of the State prevailing rate as determined by the Department of Personnel pursuant to their stated policy, this claim must be and is hereby denied.