LOWELL D. MOLT, CORNELIUS MACK, RICHARD C. PERKINS, RALPH A. GOSDA, and LEONARD R. LEHNER, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed February 14, 1984.*

WILLIAM K. CAVANAGH, JR., for Claimants.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This cause is before the Court on Respondent's motion to dismiss.

The Claimants are seeking retroactive compensation based on a difference between the union scale agreed to by the industry and the prevailing rate paid by the State during the interim period between the effective date of the industry labor agreement and the time the State

changed its prevailing rate scale. Their claims rely on an agreement that had been negotiated between the Plumbers and Steamfitters Local 137 and the West Central Illinois Plumbing and Piping Contractors Association of Springfield and vicinity which had an effective date of April 1, 1981. It is the Claimants' contention that the State was bound by this agreement and therefore obligated to implement a wage increase for its employees retroactive to April 1, 1981. The State contends that it was not bound by this agreement and therefore could implement a wage increase to conform the wages paid by it to the prevailing rate in the vicinity according to its own policy.

This case presents a set of circumstances similar to those presented in the case of *Hollender v. State* (1944), 14 Ill. Ct. Cl. 40. In *Hollender, supra*, the claimants were members of Local 411 of the United Association of Journeymen Plumbers and Steamfitters of the United States and Canada who were employed by the State at Dixon State Hospital. It was alleged that on May 30, 1942, the Union entered into an agreement with the contractors of Lee County, Illinois, which immediately increased union members' wages from $1.37½ per hour to $1.70 per hour. The Claimants contended that the State was also bound by this agreement and therefore obligated to implement the same wage increase on the same date. The State did not recognize and implement the wage increase until January 1, 1943.

The Court in *Hollender, supra*, disagreed with the Claimants' contention. It found that the increase in hourly wages did not arise from a negotiated contract with the State but was an action taken solely on the behalf of the local union for the benefit of its members. While the contractors in Lee County may have recognized the $1.70 per hour rate as the prevailing rate under

contracts negotiated between them and the union, it had not been alleged that the State entered into any binding contract to pay the same wage rate until January 1, 1943. The *Hollender, supra,* case was later cited with approval by this Court in *Hum v. State* (1981), 34 Ill. Ct. Cl. 163, and *Courtwright v. State* (1981), 34 Ill. Ct. Cl. 165, for the proposition that the State, not having been a party to an agreement between the union and local contractors, is not bound to pay the same wage rate unless and until it agrees to do so.

The same situation that existed in *Hollender, supra,* exists in the claims presently before this Court. While it appears that the local industry contractors had agreed through a contract negotiated with Local 137 to implement a wage increase starting April 1, 1981, we find that the State has not been shown to have agreed to implement a wage increase or to have been under any obligation (contractual, statutory, or otherwise) to do so until July 1, 1983. The Claimants, therefore, are not entitled to receive any retroactive compensation for the period of time running from April 1, 1983, to July 1, 1983.

Based on the foregoing, it is hereby ordered that these claims be, and hereby are, dismissed.